**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| KAREN G. MALOOF, | |
| Plaintiff, | |
| v. | Civil Action File No. |
| | _____ |
| CITY OF PALM BAY; CITY OF PALM BAY POLICE DEPARTMENT; and CODY SPAULDING, individually; | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT

Karen G. Maloof ("Plaintiff or "Maloof") brings this action pursuant to 42 U.S.C. §§ 1983 and 1988 to enforce her rights under the Fourth and Fourteenth Amendments to the United States Constitution, and pursuant to Florida law, against Defendants City of Palm Bay ("Palm Bay"), City of Palm Bay Police Department ("Palm Bay PD") and Cody Spaulding ("Defendant Spaulding") seeking damages and other relief as the Court deems just and proper, respectfully showing as follows.

## INTRODUCTION

1. This is a civil action asserting claims under Federal and State law arising from the unlawful arrest, detention and prosecution of the Plaintiff caused by the willful

and wrongful acts of the Defendants. Plaintiff demands a jury trial and seeks an award of economic, compensatory, and punitive damages, as well as an award of attorneys' fees and litigation costs.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over the federal claims asserted in this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3),(4). This Court also has jurisdiction over the related state law claims under 28 U.S.C. § 1367(a), as they form part of the same case or controversy as the federal claims.

3.  Pursuant to 28 U.S.C. § 1391, venue is proper in this Court because the acts, events, and occurrences giving rise to Maloof's claims took place in the City of Palm Bay, located in Brevard County, Florida, which is within this judicial District and Division.

## PARTIES

4.  Plaintiff is a 54-year-old female, a citizen of the United States and resident of the State of Georgia.

5.  The City of Palm Bay is a political subdivision of the State of Florida. It is located in Brevard County, Florida. Palm Bay may be served with summons and process by and through Mayor Rob Medina at 120 Malabar Road, Palm Bay, Florida 32907. The City is subject to jurisdiction of this Court.

6. Upon information and belief, the City of Palm Bay has purchased liability insurance to protect the City and its employees for damages arising from acts or omissions of its law enforcement officials committed during the course and scope of their employment.

7. The City of Palm Bay Police Department is a creation of the City of Palm Bay, and at all times material hereto, The City of Palm Bay Police Department employed Defendant Spaulding. The City of Palm Bay Police Department may be served this complaint and summons through its attorneys of record.

8. Defendant Cody Spaulding is a field training officer in the City of Palm Bay Police Department. At all times material hereto, Defendant Spaulding, individually, was acting under color of law as a field training officer for the City of Palm Bay Police Department. Defendant Spaulding may be served process by delivering a copy of the complaint and summons at his last known place of residence or wherever he may be found.

9. Plaintiff sues Defendant Spaulding in his individual capacity.

## FACTUAL BACKGROUND

10. Maloof is a resident of Atlanta, Georgia.

11. Maloof's Georgia-issued driver's license was stolen in March of 2017.

12. Maloof immediately reported the loss of her license and obtained a

replacement license from the Georgia Department of Driver Services.

13. Maloof's stolen license was fraudulently used by thieves to rent a moving truck from U-Haul Moving & Storage of Palm Bay ("U-Haul") in Palm Bay, Florida on November 13, 2022.

14. U-Haul allowed the perpetrators to rent the truck remotely via text message and other electronic means with no verification of the renter's actual identity.

15. The perpetrators had no in-person contact with U-Haul.

16. The perpetrators electronically provided U-Haul with a copy of Maloof's stolen license.

17. Other information and documents provided by the thieves include Maloof's correct Atlanta address via the stolen license, a fraudulent Florida telephone number, an unverified email address, and a fake physical address for Maloof in Florida, that did not match the address on the stolen license.

18. The perpetrators identified Melissa Rush and Sherry Baily as additional contacts for the rental. These additional contacts were supplemented by two additional fake Florida phone numbers.

19. The perpetrators also provided a "selfie" photograph intended to verify that the renter matched the identification card provided.

20. It is clear when comparing the two photographs that they represent two

distinct individuals.

 

21. Maloof had no knowledge of these fraudulent rental activities.

22. Maloof had never made contact with U-Haul, had never been to the City of Palm Bay, and did not steal the van in question.

23. After the rented truck was not returned, U-Haul sent a demand letter to the fake Florida address provided by the thieves, requesting Maloof return the stolen property. However, the letter was returned as undelivered because no such address exists.

24. U-Haul never attempted to contact Maloof at the address appearing on her stolen driver's license.

25. U-Haul contacted Palm Bay Police Department to pursue criminal charges against Maloof.

26. Based on the above facts in paragraphs 15 – 24, no reasonable police officer could have investigated the available evidence and concluded that Maloof was the

suspect in the U-Haul theft.

27. Defendant Spaulding, without further inquiry, completed a Probable Cause Affidavit that resulted in the issuance of a capias request to the State Attorney's office to assert charges of Grand Theft Motor Vehicle and Failure to Return Hired or Leased Property against Maloof.

On 12/06/2022, around hours, I, FTO Spaulding (144), responded to 4703 Babcock Street (U-Haul) regarding a stolen vehicle.

When I arrived, I made contact with the complainant, Heather Martin. She advised the following (in summary):

Heather advised on 11/13/2022, a customer by the name of Karen Maloof (DOB: 11/12/1969) rented a van from them. Per the rental contract, the vehicle was to be returned on 11/14/2022 by 0130 hours. As of 12/06/2022, Karen has not returned the vehicle to a U-Haul branch according to their records. Heather advised they sent the letter demanding return of the property via certified mail on 11/22/2022 to the address provided in the contact by Karen (5449 Lake Pointsett Dr Cocoa, FL 32026). They received a notice that the letter was unable to be delivered due to "no such number" existing. Heather advised U-Haul would pursue criminal charges.

She provided me with a copy of Karen's driver's license, which was out of GA (OLN# 02877769). A teletype query revealed she had no local history in CAD. It should also be noted that when I input the address she provided into Google Maps, it showed the middle of the roadway. I was also provided with a copy of the demand letter, the receipt for the certified delivery and, the rental contract.

The vehicle is a 2022 Ford Transit van, AZ Tag# AL71529, VIN# 1FTBR1Y89NKA43262, with U-Haul decals affixed to it.

The vehicle was entered into FCIC/NCIC by teletype operator Derrick ID# 3401.

Based upon my investigation, I determined that there was probable cause that Karen violated her rental contract and in doing so, had deprived U-Haul of their rights to the vehicle. Furthermore, she failed to return hired or leased rental property.

28. Defendant Spaulding conducted no independent investigation of the facts underlying his probable cause affidavit.

29. Defendant Spaulding swore in his Probable Cause Affidavit that "a customer by the name of Karen Maloof (DOB: 11/12/1969) rented a van from them." This false, and conclusory statement failed to acknowledge that U-Haul never engaged in

any in-person contact with Maloof.

30.  Defendant Spaulding swore in his Probable Cause Affidavit that "[U-Haul] sent the letter demanding return of the property via certified mail on 11/22/2022 to the address provided on the contact by Karen (5449 Lake Poinsett Dr Cocoa, FL 32026). They received a notice that the letter was unable to by delivered due to 'no such number' existing." Defendant Spaulding failed to indicate that this address is different than the address on Maloof's ID. Defendant Spaulding further failed to indicate that no attempt was made to contact Maloof at the address on her ID.

31. Defendant Spaulding swore in his arrest affidavit that "A teletype query revealed [Maloof] had no local history in CAD." "It should be noted that when I input the address [Maloof] provided into Google Maps, it showed the middle of the roadway."

32. Despite his concerns noted above, Spaulding submitted his Probable Cause Affidavit one day later, with no information included beyond what U-Haul provided.

33. Defendant Spaulding swore in his affidavit that "I was also provided with a copy of the demand letter, the receipt for the certified delivery and, the rental contract." Despite having the rental contract, Defendant Spaulding failed to indicate the obvious red flags.

34. Defendant Spaulding never indicated the discrepancy in the photograph

identifications provided.

35. Defendant Spaulding never indicated that the email address on the rental contract ekent1728@gmail.com, is uncorrelated to the name Karen Maloof, and uncorrelated to any of the additional contact names provided.

36. Defendant Spaulding never indicated that the rental was initiated by text-message.

37. Defendant Spaulding never acknowledged the fake phone number used on the rental application, nor the fake phone numbers provided for the two additional rental contacts.

38. Defendant Spaulding never attempted to contact Maloof at her Atlanta address, which he used to fill out the probable cause affidavit.

39. Defendant Spaulding never made any effort to find a valid telephone number for Maloof using the information on her driver's license.

40. Defendant Spaulding never attempted to contact the additional rental contacts provided. Defendant Spaulding did not indicate that these additional contacts existed when he completed his Probable Cause Affidavit.

41. Defendant Spaulding's conclusion that Maloof rented the van from U-Haul and committed Grand Theft of a Motor Vehicle and Failure to Return Hired or Leased Property was completely unsupported by the available reasonable facts.

42. Defendant Spaulding acted with actual malice when he pursued the prosecution of Maloof, despite the fact there was never probable cause to believe Maloof had committed a crime.

43. Defendant Spaulding did not have arguable probable cause to believe that Maloof had committed any of the crimes set forth in the indictment.

44. The indictment would not have been returned but for Defendant Spaulding's constitutionally deficient investigation, conclusory statements, false statements, material omissions, and false testimony.

45. Defendant Spaulding's investigation was grossly insufficient and failed to meet the most basic standards of investigative techniques.

46. Following the submission of the Probable Cause Affidavit created by Defendant Spaulding, an arrest warrant was issued by the City of Palm Bay.

47. On May 19, 2023, Maloof and her husband travelled to Atlanta's Hartsfield-Jackson International Airport.

48. Maloof had been taking golf lessons for a year in anticipation of a trip to Scotland with her husband. In 27 years of marriage, the couple had only been to Europe once before.

49. After passing through security, Maloof was accosted at her departure gate by numerous federal law enforcement officers armed with assault-style weapons and

police dogs. She was forcibly separated from her husband and paraded through the world's busiest airport to be detained.

50. Maloof was then told that there was a warrant for her arrest for grand theft auto, larceny, and fleeing from Justice in the State of Florida.

51. Maloof had her belongings confiscated and was denied any right to speak to her husband.

52. Maloof spent several hours in a detention room where she remained in handcuffs.

53. Maloof was then transported to Clayton County Jail, infamously known as "ClayCo." Despite her pleas, Maloof was denied the chance to give an explanation and told to "shut up" any time she spoke to the arresting officers.

54. Within ClayCo, Maloof was locked in a holding cell with a dozen other women, several of which were high on methamphetamines and heroin, screaming, passing out, and bleeding due to the drugs.

55. Maloof was then processed and subjected to a full body cavity search in front of other prisoners and guards. Her shoes, clothes, and underwear were taken from her and replaced with ill-fitting prison scrubs.

56. Maloof was forced to take a group shower with other inmates in cold water, only to be returned to the group holding cell.

-10-

57. Throughout the duration of her detention, Maloof was denied food, water, or communication with her family.

58. The following evening, Maloof received her first "hearing," when she spoke over a television monitor to an unknown judicial officer who informed her that she would be expedited to Florida to face felony charges.

59. Maloof was advised that if extradited, she would be forced to travel and be processed into several other Georgia jails as other inmates were gathered to make the trip. The trip could take up to eight days.

60. After over 24 hours without food, Maloof was served a plastic bag of rancid lunch meat and wet white bread. The food was thrown at her through the prison bars.

61. Maloof was then able to speak with her husband over a single monitor. He informed her that he posted bail in Florida, however, he had no information about her release, and she would be returned to her cell where fluorescent lights shined 24 hours per day.

62. Finally, through intervention with the Sheriff, Maloof was able to speak with her husband, through bullet-proof glass.

63. Through significant expenditure in legal fees, Maloof was released on Monday evening, May 22, 2023.

64. Maloof's release was not the end of the experience, as charges remained

pending for months.

65. All this fear, trouble, and legal expenditure could have been avoided but for the lack of care on behalf of Defendant Spaulding, the City of Palm Bay, and the City of Palm Bay Police Department.

66. The state of Florida entered a Nolle Prosequi as to all counts against Maloof on May 31, 2023.

## CLAIMS FOR RELIEF

### COUNT I: "Franks v. Delaware" Claim Against Defendant Spaulding, Cognizable under 42 U.S.C. § 1983

67. Plaintiff incorporates by reference the allegations of paragraphs 1 through 66 above as though fully set forth herein.

68. At all times material hereto, Spaulding had a duty to conduct a reasonable investigation to establish probable cause, especially where the information necessary for Spaulding to complete his investigation was readily obtainable, and where U-Haul provided Spaulding with all the information a reasonably prudent police officer in Spaulding's position would have needed to confirm Maloof was not the actual perpetrator.

69. Spaulding willfully ignored readily available, exculpatory evidence that would have prevented the issuance of a warrant for Maloof's arrest.

70. Spaulding proximately caused Maloof's incarceration based on the false

statements, conclusory statements and material omissions contained in the Probable Cause Affidavit submitted by Spaulding.

71. Spaulding knew or should have known with slight diligence that the facts he relied upon were false.

72. No reasonably well-trained police officer in Spaulding's position would have completed the Probable Cause Affidavit against Maloof without additional investigation due to the discrepancies in the photos provided, the multiple addresses provided, and the unrelated email address provided.

73. The inconsistencies in the true suspect's identity gave rise to Spaulding's legal obligation to conduct a more thorough investigation.

74. Defendant Spaulding knowingly and deliberately, or with reckless disregard for the truth, made false statements, conclusory statements, and material omissions in his arrest warrant affidavit, which were clearly critical to a finding of probable cause, and any reasonable police officer in Spaulding's position would have known the statements and material omissions would result in the issuance of an arrest warrant for Maloof in the absence of probable cause, in violation of her clearly established rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution.

75. As a direct and proximate result of Spaulding's conduct described herein, in

violation of 42 U.S.C. § 1983, Maloof has suffered greatly, and with much humiliation, mental suffering, and damaged reputation.

76. As a further direct and proximate result of Spaulding's conduct, Maloof suffered the loss of her liberty and freedom, resulting in pain and suffering, mental anguish, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing and Maloof will suffer the losses in the future, in violation of her civil rights.

### COUNT II: Malicious Prosecution under 42 U.S.C. § 1983 – Defendant Spaulding

77. Plaintiff incorporates by reference the allegations of paragraphs 1 through 76 above as though fully stated forth herein.

78. This claim is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

79. At all times relevant to this action, Spaulding was acting under color of state law and within the scope of his discretionary function as an employee of the City of Palm Bay Police Department.

80. Maloof was seized and detained against her will in connection with Defendant Spaulding's prosecution, said prosecution having been instituted with malice and without probable cause.

81. The prosecution terminated in Maloof's favor on May 31, 2023.

-14-

82. Spaulding knowingly and willfully instituted and maintained a criminal prosecution against Maloof with malice and without probable cause.

83. Under the facts and circumstances alleged herein, objectively reasonable law enforcement officers would have known that instituting and maintaining a criminal prosecution of a citizen under the circumstances described herein violated the Fourth Amendment of the United States Constitution.

84. At all times relevant to this action, the law was clearly established that instituting and maintaining a criminal prosecution of a citizen under the circumstances described herein violated the Fourth Amendment of the United States Constitution.

85. As a direct and proximate result of Spaulding's unlawful action, Maloof was seized and detained against her will and subjected to criminal prosecution in violation of her rights under the Fourth Amendment of the United States Constitution.

86. As a direct and proximate cause of Spaulding's unlawful actions, Maloof has and will continue to incur economic damages including lost wages, loss of economic opportunity, as well as other economic damages in an exact amount to be proven at trial.

87. As a direct and proximate cause of Spaulding's unlawful actions, Maloof has

experienced pain, suffering, emotional distress, anxiety, humiliation, outrage and loss of reputation entitling her to an award of compensatory damages in an amount to be determined by the enlightened conscience of the jury.

88. The actions described herein were willful, deliberate, and malicious, thereby entitling Maloof to an award of punitive damages against Spaulding in an amount to be determined by the enlightened conscience of the jury.

**COUNT III: False Arrest under 42 U.S.C. § 1983 – Defendant Spaulding**

89. Plaintiff incorporates by reference the allegations of paragraphs 1 through 88 above as though fully set forth herein.

90. This claim is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

91. At all times relevant to this action, Spaulding was acting under color of state law and within the scope of his discretionary functions as an employee of the City of Palm Bay.

92. Spaulding knew or should have known that no arguable probable cause existed to believe that Maloof had committed Grand Theft Motor Vehicle, a third-degree felony (Fla. Stat. Ann. § 812 (2)(c)(6)).

93. Spaulding knew or should have known that no arguable probable cause existed to believe that Maloof had committed Failure to Return Hired or Leased

Property (Fla. Stat. Ann. § 812,155(3)).

94. Under the facts and circumstances alleged herein, an objectively reasonable police officer in Spaulding's position would have known that no arguable probable cause existed to support Maloof's prosecution.

95. At all times relevant to this action, the law was clearly established that Spaulding's actions violated Maloof's Fourth and Fourteenth Amendment rights.

96. The prosecution terminated in Maloof's favor on May 31, 2023.

97. As a direct and proximate cause of Spaulding's unlawful actions, Maloof was seized and detained against her will and thereby suffered a severe loss of liberty in violation of her rights under the Fourth and Fourteenth Amendments to the United States Constitution, entitling Maloof to an award of actual and compensatory damages in an amount to be determined by the enlightened conscience of the jury.

98. The actions described herein were willful, deliberate, and malicious, thereby entitling Maloof to an award of punitive damages against Spaulding in an amount to be determined by the enlightened conscience of the jury.

**COUNT IV: 42 U.S.C. § 1983 Monell Liability – City of Palm Bay and City of Palm Bay Police Department**

99. Plaintiff incorporates by reference the allegations of paragraphs 1 through 98 above as though fully set forth herein.

100.    This claim is brought pursuant to 42 U.S.C. § 1983 and the Fourth and

Fourteenth Amendments to the United States Constitution.

101.    The wrongful acts and omissions of Spaulding complained of herein were performed in the course and scope of his employment with the City of Palm Bay.

102.    The City of Palm Bay and the City of Palm Bay Police Department have in place policies and customs that allow police officers to issue warrants for arrest without sufficient investigation protocols in place to ensure the existence of probable cause.

103.    The acts and omissions of Spaulding were committed in accordance with the policies and customs of the City of Palm Bay and its Police Department and caused the illegal arrest, detention, and prosecution of Maloof with malice and without probable cause.

104.    The City of Palm Bay and the City of Palm Bay Police Department failed to adequately train its officers, including Spaulding, in the proper investigation of felony grand larceny.

105.    The policies and customs of the City of Palm Bay and the City of Palm Bay Police Department caused Maloof's unlawful arrest and prosecution. As such, Palm Bay is liable to Maloof under federal law. See, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018 (1978).

106.    As a direct and proximate cause of the City's policies and customs, Maloof has and will continue to incur economic damages including lost wages, loss of economic opportunity, as well as other economic damages in an exact amount to be proven at trial.

107.    As a direct and proximate cause of the City's policies and customs, Maloof has experienced pain, suffering, emotional distress, anxiety, humiliation, outrage, and loss of reputation entitling her to an award of compensatory damages in an amount to be determined by the enlightened conscience of the jury.

**COUNT V: Malicious Prosecution under State Law – Defendant Spaulding**

108.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 107 above as though fully set forth herein.

109.    Spaulding commenced and caused the prosecution against Maloof without probable cause or arguable probable cause.

110.    The prosecution terminated in Maloof's favor on May 31, 2023.

111.    Spaulding acted with actual malice and was guilty of wanton and willful disregard of the rights and feelings of Maloof.

112.    As a direct and proximate result of Spaulding's unlawful action, Maloof was seized and detained against her will and subjected to criminal prosecution in violation of her rights.

-19-

113.     As a direct and proximate cause of Spaulding's unlawful actions, Maloof has and will continue to incur economic damages including lost wages, loss of economic opportunity, as well as other economic damages in an exact amount to be proven at trial.

114.     As a direct and proximate cause of Spaulding's unlawful actions, Maloof has experienced pain, suffering, emotional distress, anxiety, humiliation, outrage and loss of reputation entitling her to an award of compensatory damages in an amount to be determined by the enlightened conscience of the jury.

**COUNT VI: False Arrest under State Law – Defendant Spaulding**

115.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 114 above as though fully set forth herein.

116.     Spaulding initiated the unlawful detention and deprivation of Maloof's liberty and person against her will.

117.     Spaulding knew or should have known that no arguable probable cause existed to believe that Maloof had committed Grand Theft Motor Vehicle, a third-degree felony (Fla. Stat. Ann. § 812 (2)(c)(6)).

118.     Defendant Spaulding knew or should have known that no arguable probable cause existed to believe that Maloof had committed Failure to Return Hired or Leased Property (Fla. Stat. Ann. § 812,155(3)).

119.    The prosecution terminated in Maloof's favor on May 31, 2023.

120.    Spaulding acted with actual malice and was guilty of wanton and willful disregard of the rights and feelings of Maloof.

121.    As a direct and proximate result of Spaulding's unlawful action, Maloof was seized and detained against her will and subjected to criminal prosecution in violation of her rights.

122.    As a direct and proximate cause of Spaulding's unlawful actions, Maloof has and will continue to incur economic damages including lost wages, loss of economic opportunity, as well as other economic damages in an exact amount to be proven at trial.

123.    As a direct and proximate cause of Spaulding's unlawful actions, Maloof has experienced pain, suffering, emotional distress, anxiety, humiliation, outrage and loss of reputation entitling her to an award of compensatory damages in an amount to be determined by the enlightened conscience of the jury.

**COUNT VII: Malicious Prosecution under State Law - City of Palm Bay**

124.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 123 above as though fully set forth herein.

125.    The wrongful acts and omissions of Spaulding complained of herein were performed in the course and scope of his employment with the city of Palm

Bay.

126.    The acts and omissions of Spaulding set forth herein caused the illegal arrest, detention and prosecution of Maloof with malice and without probable cause.

127.    The City of Palm Bay is liable for the acts and omissions of its employee Spaulding resulting in the illegal arrest, detention and prosecution of Maloof with malice and without probable cause.

128.    The prosecution terminated in Maloof's favor on May 31, 2023.

129.    As a direct and proximate cause of Spaulding's unlawful actions, Maloof has and will continue to incur economic damages including lost wages, loss of economic opportunity, as well as other economic damages in an exact amount to be proven at trial.

130.    As a direct and proximate cause of the Spaulding's unlawful actions, Maloof has experienced pain, suffering, emotional distress, anxiety, humiliation, outrage and loss of reputation entitling her to an award of compensatory damages in an amount to be determined by the enlightened conscience of the jury.

**COUNT VIII: False Arrest under State Law - City of Palm Bay**

131.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 130 above as though fully set forth herein.

132.    The wrongful acts and omissions of Defendant Spaulding complained

of herein were performed in the course and scope of his employment with the City of Palm Bay.

133.    The acts and omissions of Spaulding set forth herein caused the illegal arrest, detention, and prosecution of Maloof with malice and without probable cause.

134.    The prosecution terminated in Maloof's favor on May 31, 2023.

135.    The City of Palm Bay is liable for the acts and omissions of its employee Spaulding resulting in the illegal arrest, detention, and prosecution of Maloof with malice and without probable cause.

136.    As a direct and proximate cause of the defendants' unlawful actions, Maloof has and will continue to incur economic damages including lost wages, loss of economic opportunity, as well as other economic damages in an exact amount to be proven at trial.

137.    As a direct and proximate cause of the defendants' unlawful actions, Maloof has experienced pain, suffering, emotional distress, anxiety, humiliation, outrage and loss of reputation entitling her to an award of compensatory damages in an amount to be determined by the enlightened conscience of the jury.

**WHEREFORE**, Plaintiff prays that the Court find in her favor with respect to the above counts, and order the following relief:

(a)    Grant Plaintiff a trial by jury on all appropriate issues;

(b)    Award damages against all Defendants for Plaintiff's economic losses in an amount to be determined at trial;

(c)    Award damages against all Defendants for the extreme pain and suffering Plaintiff experienced in an amount to be determined at trial;

(d)    Punitive damages against Spaulding for his intentional and grossly negligent wrongful actions;

(e)    Award Plaintiff her costs and attorney's fees incurred as a result of Defendants' wrongful acts;

(f)    Such other and further relief as the Court may deem just and proper under the facts presented at trial.

Respectfully submitted this 5th day of February, 2025.

*/s/ C. Ryan Morgan*
C. Ryan Morgan, Esq.
FBN 0015527
Morgan & Morgan, P.A.
20 N. Orange Avenue, 15th Floor
Orlando, FL 32801
***MAILING ADDRESS:***
***P.O. Box 530244***
***Atlanta, GA 30353-0244***
T: (407) 420-1414
F: (407) 245-3401
E: RMorgan@forthepeople.com

***Attorney for Plaintiff***

-24-

/s/ A. Lee Parks, Jr.
A. Lee Parks, Jr.
Georgia Bar No. 563750
lparks@pcwlawfirm.com
M. Travis Foust
Georgia Bar No. 104996
tfoust@pcwlawfirm.com
**PARKS, CHESIN & WALBERT,
P.C.**
1355 Peachtree St NE Ste 2000,
Atlanta, GA  30309
**T:** (404) 873-8048

***Pro Hac Vice Application Pending***